sponsoring, and/or approving many of the wrongful acts or omissions complained of herein and/or purposefully or recklessly disregarding these wrongful acts or omissions.

53.     Defendant Anderson, as a Director, owed a duty to Sonus and its shareholders to be reasonably informed about the business and operations of the Company. As a member of the Audit Committee, Anderson also assumed important managerial responsibilities which required him to be well informed about the day-to-day operations of the Company. As a member of the Audit Committee, he had a duty to ensure that Sonus' internal accounting procedures and controls and the Company's financial statements complied with GAAP. However, Anderson breached these duties by actively participating in, encouraging, sponsoring, and/or approving many of the wrongful acts or omissions complained of herein and/or purposefully or recklessly disregarding these wrongful acts or omissions.

54.     Defendant Ferri, as a director, owed a duty to Sonus and its shareholders to be reasonably informed about the business and operations of the Company. As a member of the Audit Committee, Ferri also assumed important managerial responsibilities which required him to be well informed about the day-to-day operations of the Company. As a member of the Audit Committee, he had a duty to ensure that Sonus' internal accounting procedures and controls and the Company's financial statements complied with GAAP. However, Ferri breached these duties by actively participating in, encouraging, sponsoring, and/or approving many of the wrongful acts or omissions complained of herein and/or purposefully or recklessly disregarding these wrongful acts or omissions.

55.  Defendant Severino, as a director, owed a duty to Sonus and its shareholders to be reasonably informed about the business and operations of the Company. As a member of the Audit Committee, Severino also assumed important managerial responsibilities which required him to be well informed about the day-to-day operations of the Company, and he had a duty to ensure that Sonus' internal accounting procedures and controls and the Company's financial statements complied with GAAP. However, Severino breached these duties by actively participating in, encouraging, sponsoring, and/or approving many of the wrongful acts or omissions complained of herein and/or purposefully or recklessly disregarding these wrongful acts or omissions.

56.  Director Gruber has been a member of the Sonus Board of Directors since November 1994, and has been Chairman since November 1998. From November 1997 until November 1998, Gruber served as President of Sonus. Gruber is one of Sonus' founders.

57.  Demand on the Sonus Board of Directors to institute this action is not necessary because such a demand would be a futile and useless act, particularly for the additional following reasons:

   a. A majority of the directors of Sonus, as detailed herein, participated in, approved and/or permitted the wrongs alleged herein to have occurred and participated in efforts to conceal or disguise those wrongs from ABFI stockholders and investors and are, therefore, not disinterested parties and many are the principal beneficiaries of the wrongdoing alleged herein, and thus could not fairly and fully prosecute such a suit even if such suit was instituted by them;

hopelessly conflicted in making any supposedly independent determination as to whether to sue themselves;

g. Sonus has been and will continue to be exposed to significant losses due to the wrongdoing complained of herein; yet, the Director Defendants have not filed any lawsuits against themselves or others who were responsible for that wrongful conduct which caused the filing of securities class actions against Sonus;

h. If the Defendant Directors were to bring this derivative action against themselves, they would thereby expose their own negligence and misconduct which underlies allegations against the Company contained in the class action complaints for violations of federal securities law. Such admissions would impair the Company's and their defense of the Class Actions and greatly increase the probability of their personal liability in the Class Actions in an amount likely to be in excess of any insurance coverage available to the Director Defendants;

i. The Director Defendants are believed to be covered by an insurance policy which covers the type of misconduct alleged herein, which policy would likely preclude coverage, if any, if the Director Defendants initiated action against any of the other Director Defendants named herein. Therefore, the Sonus Board, or any committee thereof, is effectively disabled from complying with any demand that would cause the Company to bring suit against the Defendants because to do so would result in the loss of their insurance coverage.

58. Plaintiff has not made any demand on the shareholders of Sonus to institute this action since such demand would be a futile and useless act for the following reasons:

   a. Sonus is a publicly traded company with thousands of shareholders;

   b. Making demand on such a number of shareholders would be impossible for Plaintiff, who has no way of finding out the names, addresses or telephone numbers of shareholders; and

   c. Making demand on all shareholders would force plaintiff to incur huge expenses, assuming all shareholders could even be individually identified.

59. Plaintiff will adequately and fairly represent the interests of Sonus in enforcing and prosecuting its rights.

## CAUSES OF ACTION

### Count I
### Against Defendants for Breach of Fiduciary Duty

60. Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

61. The Defendants owed and owe Sonus fiduciary obligations. By reason of their fiduciary relationships, the Defendants owed and owe Sonus the highest obligation of good faith, fair dealing, loyalty and due care.

62. The Defendants breached their fiduciary duties of care, loyalty, reasonable inquiry, oversight, good faith and supervision.

63. Each of the Defendants had actual or constructive knowledge that they had caused Sonus to improperly misrepresent the financial results of the Company and

failed to correct publicly reported financial results and guidance. These actions could not have been a good faith exercise of prudent business judgment.

64. As a direct and proximate result of the Defendants' misconduct, Sonus has suffered and will continue to suffer significant damages. As a result of the misconduct alleged herein, the Defendants are liable to the Company

65. Plaintiff, on behalf of Sonus, has no adequate remedy at law.

### Count II
### Against Defendants for Abuse of Control

66. Plaintiff incorporates by reference and realleges each and every allegation contained above, as if though fully set forth herein.

67. The Defendants' misconduct alleged herein constituted an abuse of their ability to control and influence Sonus, for which they are legally responsible.

68. As a direct and proximate result of the Individual Defendants' abuse of control, Sonus has sustained significant damages, and Individual Defendants are liable to the Company

### Count III
### Against Defendants for Gross Mismanagement

69. Plaintiff incorporates by reference and realleges each and every allegation contained above, as if though fully set forth herein.

70. By their actions alleged herein, the Defendants, either directly or through aiding and abetting, abandoned and abdicated their responsibilities and fiduciary duties with regard to prudently managing the assets and business of Sonus in a manner consistent with the operations of a publicly held corporation.

71. As a direct and proximate result of the Individual Defendants' gross mismanagement, Sonus has sustained significant damages, and Individual Defendants are liable to the Company.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment as follows:

   a. Against all of the Defendants for the damages sustained by Sonus as a result of the breaches of fiduciary duty, abuse of control, gross mismanagement, waste of corporate assets and unjust enrichment;

   b. Equitable and/or injunctive relief as permitted by law;

   c. Restitution and disgorgement of profits;

   d. Attorneys fees and Costs

   e. Any such other and further relief as may be just and proper under the circumstances.

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial of all issues so triable.

Date: February 23, 2004          Daniel Williams,

By his Attorneys,

_____
Alan L. Kovacs (BBO No. 278240)
**LAW OFFICE OF ALAN L. KOVACS**
2001 Beacon Street, Suite 106
Boston, MA 02135
Phone: (617) 964-1177
Fax: (617) 332-1223

-and-

Feb 20 04 03:05p    law office    (405)239-2112    p.2
Case 1:04-cv-10359-DPW    Document 1-2    Filed 02/23/2004    Page 7 of 7
FROM :R    FAX NO. :7318856734    Feb. 18 2004 02:45PM P2

## VERIFICATION

I, Daniel Williams, declare that I have reviewed the Derivative Complaint ("Complaint") prepared on behalf of Sonus Networks, Inc. and I authorize its filing. I have reviewed the allegations made in the Complaint, and to those allegations of which I have personal knowledge, I believe those allegations to be true. As to those allegations of which I do not have personal knowledge, I rely on my counsel and their investigation and for that reason believe them to be true. I further declare that I am a current holder, and have been a holder, of Sonus Networks, Inc. common stock during the time in which the wrongful conduct alleged and complained of in the Complaint was occurring through the present.

_[signature]_
Daniel Williams
02/18/2004