UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIEL WILLIAMS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HASSAN M. AHMED, STEPHEN J. )<br>NILL, EDWARD T. ANDERSON, )<br>PAUL J. FERRI, and PAUL J. )<br>SEVERINO, )<br>)<br>Defendants, )<br>)<br>and )<br>)<br>SONUS NETWORKS, INC., )<br>)<br>Nominal Defendant. )<br>_____) | Case No. 04-10359 (DPW)<br><br>RECEIVED<br>Clerk's Office<br>USDC, Mass.<br>Date _3-22-04_<br>By _____<br>Deputy Clerk |

### DEFENDANTS' MEMORANDUM IN SUPPORT OF
### MOTION TO STAY OR, IN THE ALTERNATIVE, TO DISMISS

Defendants Hassan M. Ahmed, Stephen J. Nill, Edward T. Anderson, Paul J. Ferri and Paul J. Severino ("Defendants") respectfully submit this memorandum in support of their motion to stay or, in the alternative, to dismiss this action.

### INTRODUCTION

Defendants request that the Court stay this action pending resolution of a Motion to Dismiss filed by the Defendants in nearly identical, first-filed actions in the Business Litigation Session of the Massachusetts Superior Court. A stay of this action would be the most efficient use of both the parties' and the Court's resources, and would prevent duplicative litigation of substantially similar issues. In the alternative, the Defendants request that the Court dismiss this

action for the reasons set forth in the Defendants' Motion to Dismiss the actions in Massachusetts Superior Court, attached hereto as Exhibit A.

## BACKGROUND

On February 11, 2004, nominal defendant Sonus Networks, Inc. ("Sonus" or the "Company") issued a press release announcing, among other things, that it had identified actions of certain employees that might affect its previous financial statements; that it was undertaking a detailed review of certain financial statement accounts; that the Company had terminated certain non-executive employees; that its Audit Committee was conducting an independent investigation; and that Sonus had notified the SEC of the independent investigation. (Compl. ¶¶ 32, 33, 38.) Shortly thereafter, sixteen putative securities class action lawsuits and four derivative lawsuits were filed against Sonus and certain of its officers and directors.[1]

The first two derivative actions were filed in Massachusetts Superior Court on February 20, 2004 (the "State Actions") and assigned to the Business Litigation Session.[2] The State Actions name as defendants four officers of the Company (Paul Jones, Edward Harris, J. Michael O'Hara and Stephen Nill) and six directors of the Company (Hassan Ahmed (who is also the Chief Executive Officer), Rubin Gruber, Edward Anderson, Paul Ferri, Albert Notini and Paul

---

[1] The sixteen class action lawsuits were all filed in the United States District Court for the District of Massachusetts against Sonus and certain of its officers and directors. The actions are captioned as follows: (1) *Deborah Chin v. Sonus Networks, Inc., et al.*, 04-10294 (DPW); (2) *Richard Curtis v. Sonus Networks, Inc., et al.*, 04-10314 (MLW); (3) *Michelle Trebitsch v. Sonus Networks, Inc., et al.*, 04-10307 (DPW); (4) *Information Dynamics LLC v. Sonus Networks, Inc., et al.*, 04-10308 (DPW); (5) *Peter Kaltman v. Sonus Networks, Inc., et al.*, 04-10309 (DPW); (6) *Samantha Den v. Sonus Networks, Inc., et al.*, 04-10310 (DPW); (7) *Ronald Kassover v. Sonus Networks, Inc., et al.*, 04-10329 (DPW); (8) *Steve Baker v. Sonus Networks, Inc., et al.*, 04-10333 (DPW); (9) *Michael Kaffee v. Sonus Networks, Inc., et al.*, 04-10345 (DPW); (10) *Haimung Hu v. Sonus Networks, Inc., et al.*, 04-10346 (DPW); (11) *Charles Starbuck v. Sonus Networks, Inc., et al.*, 04-10362 (DPW); (12) *Samuel Ho v. Sonus Networks, Inc., et al.*, 04-10363 (DPW); (13) *Jeffrey Rodrigues v. Sonus Networks, Inc., et al.*, 04-10364 (DPW); (14) *Robert Conte and Mark Respler v. Sonus Networks, Inc., et al.*, 04-10382 (DPW); (15) *Wheaton Electrical Services Retirement 401K Profit Sharing Plan v. Sonus Networks, Inc., et al.*, 04-10383 (DPW); and (16) *Brian Clark v. Sonus Networks, Inc.*, 04-10454 (DPW).

[2] The two derivative actions filed in Massachusetts Superior Court are captioned as follows: (1) *Steven Palma v. Hassan Ahmed, et al.*, 04-0753-BLS; and (2) *Brian Tillman v. Hassan Ahmed, et al.*, 04-0754-BLS, and are attached hereto as Exhibits B and C, respectively.

Severino), including all the members of the Audit Committee of Sonus. They assert claims for breach of fiduciary duty, abuse of control, gross mismanagement, waste of corporate assets, unjust enrichment and misappropriation of information. On March 22, 2004, the Defendants filed the attached Motion to Dismiss the State Actions.

The complaints in the instant action and the other later-filed federal action were filed on February 23 and February 26, 2004, respectively (the "Federal Actions").[3] The instant action was the earlier filed of the two Federal Actions (although it was still filed after the filing of the State Actions), and it alleges claims against one officer (Mr. Nill) and four directors (Messrs. Ahmed, Anderson, Ferri, and Severino). Even though it alleges claims against the Audit Committee of Sonus, it does not name all of the current members of the Audit Committee. The instant action asserts claims of breach of fiduciary duty, abuse of control, and gross mismanagement. Much like the State Actions, the Plaintiff alleges, among other things, that the Defendants issued, or allowed to be issued, false and misleading statements and that the Directors allegedly failed to maintain and establish adequate internal controls.

## ARGUMENT

**I.  The Court Should Stay Proceedings In This Action Pending Resolution Of The Motion To Dismiss The State Actions.**

**A.  The Court Has Discretion To Stay This Action.**

This Court has discretion to stay proceedings in the instant action pending resolution of the Defendants' Motion to Dismiss the State Actions. *See Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort

---

[3] The two Federal actions are captioned as follows: (1) *Michelle Burk v. Hassan Ahmed, et al.*, 04-10384 (DPW); and (2) *Daniel Williams v. Sonus Networks, Inc., et al.*, 04 CV 10359 (DPW).

for itself, for counsel, and for litigants"); *Hewlett-Packard Co., Inc. v. Berg*, 61 F.3d 101, 105 (1st Cir. 1995) ("Ordinarily there could be no doubt that a court, although obliged to decide a claim, would retain discretion to defer proceedings for prudential reasons. Indeed, a typical reason is the pendency of a related proceeding in another tribunal"); *In re Villa Marina Yacht Harbor, Inc.*, 984 F.2d 546, 548 (1st Cir. 1993) (noting that a district court has the "inherent power ... to manage the litigation before it" including the power "to stay pending litigation when efficacious management of docket reasonably requires").

The Court has the discretion to stay this action regardless of whether the parallel proceedings are pending in federal court or in state court. *See Ash v. Alexander*, 2000 WL 20704 (S.D.N.Y. 2000) (staying federal court derivative action in favor of parallel state court derivative action); *Saltzman v. Kirshner*, 1978 WL 1096 (S.D.N.Y. 1978) (same); *see also Great American Ins. Co. v. Precision Products Corp.*, 972 F.2d 337 (1st Cir. 1992) (affirming stay of action pending outcome of state court action); *Liberty Mut. Ins. Co. v. Foremost McKesson, Inc.*, 751 F.2d 475, 477 (1st Cir. 1985) (same); *Chedester v. Town of Whately*, 279 F. Supp. 2d 53 (D. Mass. 2003) (staying action pending outcome of parallel state action); *Travelers Cas. & Sur. Co. v. Boston Gas Co.*, 76 F. Supp. 2d 59 (D. Mass. 1999) (same).

### B. The Factors Used To Determine The Appropriateness Of A Stay, Given The Pending Motion To Dismiss The State Actions, Favor A Stay Of This Action.

The Federal Courts have developed a list of factors to be considered in determining whether a District Court should stay an action in favor of a parallel proceeding in State Court. These factors include: (1) the similarity of the issues and the parties involved in the state litigation; (2) the desirability of avoiding piecemeal litigation and the resulting prejudice to any parties; (3) the adequacy of the state forum; (4) the temporal sequence of the filing of the actions; and (5) the promotion of judicial efficiency. *See Colorado River Water Conservation District v.*

*United States*, 424 U.S. 800, 818-20 (1976) (affirming district court's stay of federal action due to pending state action); *Villa Marina Yacht Sales, Inc. v. Hatteras Yachts*, 947 F.2d 529, 532 (1st Cir. 1991) (same); *Goldhammer v. Dunkin' Donuts, Inc.*, 59 F. Supp. 2d 248, 252-53 (D. Mass. 1999) (staying action pending outcome of parallel first-filed foreign action).[4] Applied here, these factors – commonly referred to as the *Colorado River* factors – clearly favor a stay of this action.

### 1. The Complaints Filed In The State Actions And The Federal Actions Are Substantially Similar.

The derivative complaints filed in the State Actions and the Federal Actions contain substantially similar allegations – all focus on allegedly misleading statements made by Sonus in connection with its earnings and revenues, and all accuse the Defendants of the same general allegations of breach of fiduciary duty. Additionally, all four of the derivative complaints claim that the alleged misconduct commenced in April 2003 and ended in February 2004, and all of the complaints cite many of the exact same press releases and SEC filings to support their allegations.

Indeed, there are only two relevant distinctions between the complaints in the State Actions and the complaint in this action: (1) the complaints in the State Actions include three additional causes of action; and (2) the complaints in the State Actions name five additional individuals as defendants. These distinctions in fact provide further support for a stay of this action. Since the State Actions allege three additional claims against the Defendants, no cause of action would go unaddressed if the Court stays this action in favor of the State Actions.

---

[4] Other factors include: (1) fairness to and convenience of the parties; (2) whether either court has assumed jurisdiction over a *res*; (3) whether state or federal law controls; and (4) the vexatious or reactive nature of the federal lawsuit. *See Villa Marina Yacht Sales, Inc.*, 947 F.2d at 532; *Goldhammer*, 59 F. Supp. at 252-53. Here, the first, second, and fourth factors are neutral. The third factor arguably favors a stay of this action given that derivative claims are creatures of state law, and this is so even if Delaware law will apply given the similarity between Massachusetts and Delaware law as to derivative claims. *See, e.g., Harhen v. Brown*, 431 Mass. 838, 845-48 (2000).

Furthermore, the State Actions name more of the relevant parties as defendants (i.e., the current members of the Company's Audit Committee).[5]

Moreover, the rights and interests of the Plaintiff in the instant action will be adequately protected, since all of Plaintiff's claims are included in the State Actions. *See Ash*, 2000 WL 20704, at *3 (staying federal court derivative action in favor of state court derivative action where the state action "completely encompasses plaintiff's claim for breach of fiduciary duty, as well as several other closely related claims"); *see also Villa Marina Yacht Sales, Inc.*, 947 F.2d at 533 (dismissal appropriate even where all issues not identical because "perfect identity of issues is not a prerequisite"); *Landis,*, 299 U.S. at 254-55 (the parties need not be the same and the issues need not be identical to empower a federal district court to stay proceedings in one suit).

### 2.  Allowing This Action To Proceed Would Create Piecemeal Adjudication That Could Potentially Prejudice The Defendants.

Allowing this action to proceed concurrently with the State Actions would result in the duplicative and unnecessary litigation of substantially similar issues in separate forums. Such concurrent, nearly identical litigation puts an undue burden on the Defendants, and puts Defendants at risk of receiving inconsistent rulings on dispositive motions and other matters of critical importance. This risk alone warrants a stay of this action. *See, e.g., Liberty Mut. Ins. Co.*, 751 F.2d at 477 (affirming stay of federal action in deference to parallel state action and noting that "piecemeal litigation could severely prejudice the rights of one of the parties"); *Chedester*, 279 F. Supp. 2d at 58 (staying action to avoid "piecemeal litigation"); *American Mgmt. Servs., Inc. v. George S. May Int'l Co.*, 933 F. Supp. 64, 71 (D. Mass. 1996) (staying action "[i]n light of the serious danger of piecemeal litigation"); *Swergold v. Lifetime Corp.*, No.

---

[5] For a more detailed discussion of the deficiencies of the complaints in the Federal Actions with respect to identifying and naming the appropriate defendants, see Defendants' Motion to Dismiss the State Actions at _, attached hereto as Exhibit A.

-6-

93 CIV. 4877, 1993 WL 512905, at *3 (S.D.N.Y. Dec. 3, 1993) (staying action in light of parallel state court action; noting that "the delays caused by inconsistent litigation results [] present an exceptional circumstance warranting the grant of a stay"); *Instant Disposal Serv., Inc. v. Liberty Mut. Ins. Co.*, No. 88-0841, 1993 WL 427135, at *4 (D. Mass. October 1, 1993) (dismissing federal action in deference to parallel state proceeding because of the potential for "severe [] prejudice" as a result of the "risk of inconsistent application of the same standard contractual terms" of insurance policies).

It is particularly important to avoid the risk of piecemeal litigation in cases such as this one, where "the issues in the parallel proceedings are the same or substantially similar." *Ash*, 2000 WL 20704, at *3. Given the similarity of the issues in the Federal Actions and the State Actions, any inconsistent rulings could "breed additional litigation on assertions of claim and issue preclusion." *Arkwright-Boston Mfr. Mut. Ins. Co., v. City of New York*, 762 F.2d 205, 211 (2d Cir. 1985). Such additional litigation could burden the courts and the parties "for years to come." *Id.*

### 3. The State Court Is An Adequate Forum.

The State Court is an adequate forum for the fair and efficient adjudication of all of the issues relevant to this litigation. Indeed, not only are state courts in the best position to adjudicate derivative actions, but the instant State Actions are pending in the Business Litigation Session of the Superior Court which was created to address claims of this very sort. *See, e.g., Daily Income Fund, Inc. v. Martin Fox*, 464 U.S. 523, 531 (1984) (noting that State courts are the "natural ... lawful ... and appropriate forum" for corporate causes of action); *see also Caminiti and Iatarola, Ltd. v. Behnke Warehousing, Inc.*, 962 F.2d 698, 700-03 (7th Cir. 1992) (affirming district court's stay of federal action; noting that the stay was appropriate because

there was a "substantial likelihood" that all claims would be disposed of during the state litigation); *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 911 F.2d 993, 1003-05 (5th Cir. 1990) (affirming stay of federal action in favor of parallel proceeding in state court; noting that all necessary parties are before the state court and all claims can be adjudicated there).

In addition, as set forth above, because the State Actions allege additional claims for relief and name more of the relevant parties as defendants, the state court is in the best position to fully address all of the issues raised by Defendants in their Motion to Dismiss the State Actions. *See Ash*, 2000 WL 20704, at *3 (staying federal court derivative action in favor of state court derivative action where the state action "completely encompasses plaintiff's claim for breach of fiduciary duty, as well as several other closely related claims").

### 4.  The State Actions Were First Filed.

It is well established that courts decline jurisdiction and give priority to the first-filed action. *See Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991) ("where there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience [or] special circumstances ... giving priority to the second"); *American Fed'n of Gov't Employees v. Weinberger*, No. CV486-353, 1987 WL 16283, at *2 (S.D. Ga. June 1, 1987) (holding that a stay in the second-filed action was appropriate where an action was previously filed involving substantially the same issues).

Courts have concluded that that this general deference to first-filed actions – commonly referred to as the "first to file" rule – is necessary to promote judicial efficiency and sound judicial administration. *See, e.g., Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-97 (9th Cir. 1982). In this case, because the State Actions were filed before either of the Federal

Actions (including the instant action before this Court), this factor also weighs in favor of staying the instant action. *See, e.g., Blue Rhino Corp. v. Stockgrowers State Bank*, No. CIV.A.03-2123-CM, 2004 WL 316387, at *8 (D. Kan. Jan. 7, 2004) (fact that state court action was filed first weighed in favor of stay).

### 5. Staying This Action Would Promote Judicial Efficiency.

In determining whether a stay is appropriate, the Court should also consider the effect of a stay on the conservation of judicial resources. *See, e.g., Chedester*, 279 F. Supp. 2d at 58 (staying action pending parallel state proceeding and noting that a "stay would doubtless promote 'judicial economy'"); *Conoco, Inc. v. Skinner*, Civ. A. No. 91-122-JLL, 1991 WL 317019, at *1-2 (D. Del. Nov. 12, 1991) (granting stay, in part, to "conserve the time, effort and resources of all involved" and promote fair and efficient adjudication). Granting a stay in this action would conserve judicial resources by preventing different courts from concurrently considering substantially similar issues, and would contribute to the "orderly administration of justice." *See, e.g., Goldhammer*, 59 F. Supp. 2d at 253 ("Two simultaneous pending lawsuits involving identical issues and between the same parties . . . is certainly anything but conducive to the orderly administration of justice."). Thus, the Court should stay this action "in the exercise of its discretion and in the interest of economy of time and effort on the part of the court, counsel and the parties." *Saltzman v. Kirshner*, 77 Civ. 2886, 1978 WL 1096, at *4 (S.D.N.Y. January 31, 1978) (staying federal court derivative action in favor of state court derivative action).[6]

---

[6] The recently filed securities class action lawsuits are irrelevant to this analysis given that: (1) the securities class actions are governed by federal law, not state law, and must be brought in federal court; (2) the plaintiffs in the securities class actions allege different causes of action than the plaintiffs in the derivative cases (which again are all governed by state law); and (3) the specific procedures outlined in the Private Securities Litigation Reform Act of 1995 will result in the Court not reaching any decision on the securities class actions for several months, whereas for the reasons set forth in the Defendants' Motion to Dismiss, the State Actions could be disposed of in the near future.

**II.    Should The Court Deny The Motion To Stay, Then This Action Should Be Dismissed.**

To the extent that the Court chooses to permit this action to go forward, then it should be dismissed for the reasons set forth in the Defendants' Motion to Dismiss the State Actions, attached hereto as Exhibit A.

## CONCLUSION

For the foregoing reasons, the Defendants respectfully request that the Court grant their motion to stay this action until the Massachusetts Superior Court has ruled on Defendants' Motion to Dismiss the State Actions. In the alternative, in the event that the Court denies the Defendants' request for a stay, then the Defendants request that the Court dismiss this action in its entirety for the reasons set forth in the Defendants' Motion to Dismiss the State Actions, attached hereto as Exhibit A.

Respectfully submitted,

*/s/ James W. Prendergast*
Jeffrey B. Rudman (BBO #433380)
James W. Prendergast (BBO #553073)
Daniel W. Halston (BBO #548692)
Joanne L. Monteavaro (JM-4053)
Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109
Tel:  (617) 526-6000
Fax: (617) 526-5000
*Attorneys for Defendants Edward T.
Anderson, Paul J. Ferri and Paul J. Severino
And nominal defendant Sonus Networks, Inc.*


*/s/ Robert S. Frank (JBK)*
Robert S. Frank, Jr. (BBO # 177240)
John R. Baraniak, Jr. (BBO # 552259)
Choate Hall & Stewart
Exchange Place Building
53 State Street
Boston, Massachusetts 02109
Tel:  (617) 248-5000
Fax: (617) 248-4000
*Attorneys for Defendant Hassan Ahmed*


*/s/ Matthew J. Matule (JBK)*
Thomas J. Dougherty (BBO #632075)
Matthew J. Matule (BBO #132300)
Skadden, Arps, Slate, Meager & Flom LLP
One Beacon Street
Boston, Massachusetts 02108
Tel:  (617) 573-4800
Fax: (617) 573-4822
*Attorneys for Defendant Stephen Nill*

Dated: March 22, 2004

## **CERTIFICATE OF SERVICE**

I, Joel B. Kemp, hereby certify that I have this 22nd day of March, 2004 caused to be served upon Plaintiffs' Counsel the Defendants' Memorandum In Support Of Motion To Stay Or, In The Alternative, To Dismiss by causing a copy to be delivered by hand to Alan L. Kovacs, Esq., 2001 Beacon Street, Suite 106, Boston, Massachusetts 02135.

_____
Joel B. Kemp