**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| DEBORAH CHIN, On Behalf of Herself and All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>SONUS NETWORKS, INC., et al.<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     Case No. 04 cv 10294 (DPW)<br>) |
| DANIEL WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>HASSAN M. AHMED, et al.,<br><br>    Defendants,<br><br>v.<br><br>SONUS NETWORKS, INC., | )<br>)<br>)<br>)<br>)<br>)     Case No. 04 cv 10359<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

THIS DOCUMENT RELATES TO CASE NOS.:
04 cv 10307; 04 cv 10308; 04 cv 10309;
04 cv 10310; 04 cv 10329; 04 cv 10333;
04 cv 10345; 04 cv 10346; 04 cv 10359;
04 cv 10362; 04 cv 10363; 04 cv 10364;
04 cv 10382; 04 cv 10383; 04 cv 10384;
04 cv 10454; 04 cv 10576; 04 cv 10597;
04 cv 10612; 04 cv 10623; 04 cv 10714;
04 cv 10314 (MLW); 04 cv 11315 (MLW)

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF DANIEL WILLIAMS' (1) RESPONSE TO THE MOTION OF CHRIS E. PATERICK FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF AND FOR APPROVAL OF SELECTION OF CLASS COUNSEL, AND (2) MOTION FOR APPOINTMENT OF LEAD COUNSEL <u>FOR SHAREHOLDER DERIVATIVE ACTION</u>**

Plaintiff Daniel Williams ("Williams"), plaintiff in the derivative action styled *Williams v. Ahmed, et al.*, Case No. 04 cv 10359 (the "*Williams* action", "derivative action" or "*Williams* derivative action") hereby (1) responds to the Motion of Chris E. Paterick ("Paterick") for Consolidation, Appointment of Lead Plaintiff and Approval of Lead Counsel and (2) moves this Court for an Order appointing Williams' selection of the law firm of Federman & Sherwood ("F&S") to serve as Lead Derivative Counsel in the *Williams* derivative action (and any subsequently consolidated derivative action), and the Law Office of Alan L. Kovacs ("Kovacs") to serve as Liaison Derivative Counsel in the following three (3) related derivative actions.

*Williams v. Ahmed, et al.*, Case No. 04 cv 10359

*Burk v. Ahmed*, et al., Case No. 01 cv 20384

*Pisnoy v. Ahmed*, et al., Case No. 104 cv 10576

There are currently twenty-three (21) securities class actions (the "Class Actions") and three shareholder derivative actions, the *Williams* action, the *Burk* action, and the *Pisnoy* action, pending before the Court. These derivative actions allege that the individual defendants exposed Sonus Networks, Inc. ("Sonus" or the "Company") to severe liability (and the expenditure of a tremendous amount of attorney fees and costs as well as diminution in shareholder value) through their wrongful conduct which, among other things, resulted in the Company being named as a defendant in numerous securities fraud actions, a costly internal investigation and impending restatement of financial results.

Paterick filed a Motion for Consolidation, Appointment of Lead Plaintiff and Approval of Lead Counsel. Paterick's Motion and Memorandum in support of same lists the *Williams*, *Burk* and *Pisnoy* actions as cases for which they seek consolidation and appointment of Lead Plaintiff and approval of Lead Counsel. Since the filing of this motion, Williams' counsel has attempted

to confer with Shapiro Haber & Urmy and Wolf Popper, counsel for Paterick in order to determine if his inclusion of these three derivative derivative actions in his Motion was intentional or inadvertent, but has been unable to speak with counsel directly.  In any event, serving as both lead counsel in the securities class actions that seek relief **against** Sonus and the derivative actions which seeks relief **on behalf of** Sonus would present a conflict of interest. Therefore, Williams respectfully requests that the *Williams*, *Burk* and *Pisnoy* derivative actions not be consolidated with the securities class actions, but instead that they, and any subsequently-filed derivative actions be consolidated under the *Williams* action and that F&S and Kovacs be appointed lead counsel and liaison counsel, respectively, in the derivative actions.

I.      **Background**

Sonus purports to be a leading provider of packet voice infrastructure solutions for wireline and wireless service providers. The Company's products include media gateways, softswitches and network management systems, which are deployed in service provider networks worldwide.  Sonus' primary customers are communications service providers, including long distance carriers, local exchange carriers, Internet service providers, wireless operators, cable operators, international telephone companies and carriers that provide services to other carriers.

Throughout the Relevant Period, Sonus touted its strong financial performance and consecutive quarter-over-quarter revenue growth. In reality, however, the Company's revenues and certain other financial statement accounts were misstated as a direct result of the Company's improper revenue recognition and certain other improper practices.

II.     **The Court Should Appoint F&S as Lead Derivative Counsel And Kovacs as Liaison Derivative Counsel**

Plaintiff Williams respectfully submits that the Court should appoint F&S as Lead Derivative Counsel and Kovacs as Liaison Derivative Counsel.  The utility in appointing a

counsel structure in derivative suits such as these is well recognized. *See, e.g., In re Bendectin Litig.*, 857 F.2d 290, 297 (6th Cir. 1988); *Vincent v. Hughes Air West, Inc.*, 557 F.2d 759, 774-75 (9th Cir. 1977). As stated by one court, consolidation and the appointment of lead counsel is appropriate in derivative litigation.

> The purpose of consolidation is to permit trial convenience and economy in administration…. [O]verlapping duplication in motion practices and pre-trial procedures occasioned by competing counsel representing different plaintiffs in separate stockholder derivative actions constitute the waste and inefficiency sought to be avoided by the lucid direction contained in the rule. Special treatment is often called for in stockholders' derivative actions where the stockholder sues, not in his own right, but in that of the corporation and on behalf of his fellow stockholders. Often many such suits by other stockholders are brought, attacking the same transactions. The cost of defending these multiple actions may well do serious harm to the very corporation in whose interest they are supposedly brought. An order consolidating such actions during the pre-trial states, ***together with the appointment of a general counsel may in many instances prove the only effective means of channeling the efforts of counsel along constructive lines*** and its implementation must be considered within the clear contemplation of the rule.

*MacAlister v. Guterma*, 263 F.2d 65, 68 (2d Cir. 1958) (emphasis added).

The *Manual for Complex Litigation* recognizes the benefits of appointing lead counsel in complex, multiparty litigation:

> Complex litigation often involves numerous parties with common or similar interests but separate counsel. Traditional procedures in which all papers and documents are served on all attorneys, and each attorney files motions, presents arguments, and conducts witness examinations, may result in waste of time and money, in confusion and indirection, and in unnecessary burden on the court. Special procedures for coordination of counsel are therefore needed and should be instituted early in the litigation to avoid unnecessary costs and duplicative activity.

*Manual for Complex Litigation (Third)* §20.22, at 30 (1995). Along these lines, the Fifth Circuit explicitly recognizes the propriety of appointing lead counsel. In *In re Air Crash Disaster at Florida Everglades*, 549 F.2d 1006, 1014 (5th Cir. 1997), the Fifth Circuit explained that "[a] trial court has managerial power that has been described as 'the power inherent in every court to

control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.' … Managerial power is not merely desirable.  It is a critical necessity." *Id*. At 1012.  It is therefore "not open to serious question that a federal court in a complex, consolidated case may designate one attorney or set of attorneys to handle pre-trial activity on aspects of the case where the interests of all co-parties coincide." *Id*. at 1014.

The criteria for selecting counsel are succinctly set forth in *Newberg on Class Actions*, which states that the relevant factors "include experience and prior success record, the number, size, and extent of involvement of represented litigants, the advanced states of proceedings in a particular suit, and the nature of the causes of action alleged."  Herbert B. Newberg and Alba Conte, *Newberg on Class Actions* §9.35, at 9-97 (3d ed. 1992) (footnote omitted).  *See Rich v. Reisini*, 25 A.D.2d 32, 34 (N.Y. App. Div. 1966) ("the selection of a general counsel from the several attorneys who brought the [derivative] actions which have been consolidated … rests in the sound discretion of the court").  These factors weigh in favor of the appointment requested herein.

Appointing F&S as plaintiffs' Lead Derivative Counsel and Kovacs as Liaison Derivative Counsel in the derivative action will ensure an orderly and efficient prosecution of the *Williams* action and any subsequent derivative actions that should follow it.  Both F&S and Kovacs have extensive trial experience and experience in prosecuting complex actions, including other derivative and securities actions, consumer fraud and general business litigation. F&S has been recognized by many courts for the quality of their representation, and have demonstrated their ability to serve in a lead role, most recently as co-lead counsel in the derivative action involving Computer Associates International, Inc. (E.D. N.Y., Case No. CV-03-4199, Platt. J.)

Computer Associates is particularly instructive of the importance that a derivative action can play in redefining and enforcing corporate governance changes.  The significant and far-reaching corporate governance reforms achieved by F&S on behalf of shareholders ensured that Computer Associates and its officers and directors made accurate, timely disclosure of information to its shareholders and the market.  The derivative action also led to the resignation of three financial officers of Computer Associates, including its CFO, and a restructuring of the Board of Directors.  In fact, several analysts raised their ratings on Computer Associates, and in doing so specifically referenced the derivative settlement.  One news article specifically noted that "the governance issues were key because the monetary part of the [securities action] settlement [from the securities class action] . . . is considered very small for a company its size."  "Shareholder Reforms with Lawsuit," Krantz, M., USA Today (Aug. 26, 2003).

This experience, particularly the two law firms' actual trial experience and the common factual nucleus that will exist between the *Williams* action and any subsequently filed related derivative actions, as well as the complex nature of this case, support the requested appointment.

### A.    F&S and Kovacs Have Extensive Experience in Trial Work and Complex Litigation

The case management structure proposed by Plaintiff Williams is designed to be streamlined and highly experienced in trial work and complex litigation.   In addition to being a Martindale Hubbell "AV" rated law firm, members of F&S have broad experience in shareholder derivative litigation and have represented shareholders in class and derivative actions for over 20 years.  A copy of Federman & Sherwood's Resume is attached hereto as Exhibit 1.  In addition to representing plaintiffs, members of F&S have over 20 years of trial experience representing plaintiffs and defendants in securities actions as well as in other types of complex litigation. Messrs. Federman, Sherwood and Heggy of F&S have a combined experience of over 60 years

of trial and litigation experience (representing both plaintiffs and defendants) in various state and federal courts.[1]  The firm has substantial litigation support staff consisting of forensic accountants, paralegals and document clerks.  F&S has been appointed lead (class and derivative) counsel in numerous securities actions pending in state and federal courts nationwide and has provided highly effective case management and guidance as Lead, Co-Lead and Liaison Counsel in many derivative actions and other complex litigation.  F&S has both trial and litigation resources and has demonstrated its capabilities in litigation of this type.  Attorneys with F&S have a wide and in depth background in the financial and securities markets, including attorneys who are CPA's, accountants and members of the Securities Industry Association.

Kovacs is equally qualified to serve as Liaison Counsel in this action.  Kovacs is also a Martindale AV rated law firm with trial experience in this and other federal and state courts in Massachusetts and experience in shareholders derivative litigation.  A copy of the law office of Alan L. Kovacs's Resume is attached hereto as Exhibit 2.

F&S and Kovacs's diligent investigation and close coordination mean that they are the best qualified firms to guide this complex action to the best possible result for Sonus and its shareholders.  By appointing F&S as Lead Derivative Counsel and Kovacs as Liaison Derivative Counsel, the Court will ensure the highest caliber representation for nominal defendant Sonus and its public shareholders, and will assure that their interests are vigorously represented and that this litigation will proceed in an efficient, orderly manner.

---

[1]  A list of F&S's and Kovacs's specific trial experience will be provided to the Court upon request.

**III.    Conclusion**

For the foregoing reasons, Plaintiff Daniel Williams respectfully requests that this Court deny the Motion for Consolidation of Chris E. Paterick as it pertains to the *Williams*, *Burk* and *Pisnoy* derivative actions, consolidate the *Williams*, *Burk* and *Pisnoy* derivative actions, and appoint Federman & Sherwood as Lead Derivative Counsel and the Law Office of Alan L. Kovacs as Liaison Derivative Counsel for the derivative actions and any subsequently-filed derivative actions.

Date: April 27, 2004                              Daniel Williams,

                                                  By his Attorneys,


                                                  /s/ Alan L. Kovacs
                                                  Alan L. Kovacs (BBO No. 278240)
                                                  **LAW OFFICE OF ALAN L. KOVACS**
                                                  2001 Beacon Street, Suite 106
                                                  Boston, MA 02135
                                                  Phone: (617) 964-1177
                                                  Fax: (617) 332-1223

                                                  -and-

                                                  William B. Federman
                                                  FEDERMAN & SHERWOOD
                                                  120 N. Robinson Avenue, Suite 2720
                                                  Oklahoma City, OK 73102
                                                  Tel: (405) 235-1560
                                                  Fax: (405) 239-2112

                                                  -and-

                                                  Marc S. Henzel
                                                  LAW OFFICES OF MARC S. HENZEL
                                                  273 Montgomery Avenue, Suite 202
                                                  Bala Cynwyd, PA  19004
                                                  Phone:  (610) 660-8000
                                                  Fax:  (610) 660-8080

-and-

Brian M. Felgoise
LAW OFFICES OF BRIAN M. FELGOISE
261 Old York Road, Ste. 423
Jenkintown, PA 19046
Tel: (215) 886-1900
Fax: (215) 886-1909

## CERTIFICATE OF SERVICE

This certifies that true and correct copies of the above and foregoing were delivered electronically and via facsimile on April 27, 2004 to the following.

**Choate, Hall & Stewart**
John R. Baraniak, Jr.
Robert S. Frank, Jr.
Exchange Place
53 State Street
33rd Floor
Boston, MA 02109-2804
617-248-4000 (fax)
jb@choate.com
rfrank@choate.com

**Berman DeValerio Pease Tabacco Burt & Pucillo**
Jeffrey C Block
Michael T. Matraia
Nicole Robbins Starr
One Liberty Square
8th Floor
Boston, MA 02109
617-542-1194 (fax)
jblock@bermanesq.com
mmatraia@bermanesq.com
nstarr@bermanesq.com

**Melick, Porter & Shea, LLP**
John E. DeWick
Richard J. Shea
28 State Street
22nd Floor
Boston, MA 02109-1775
617-523-8130 (fax)
jdewick@melicklaw.com
rshea@melicklaw.com

**Skadden, Arps, Slate, Meagher & Flom LLP**
Thomas J. Dougherty
Matthew J. Matule
One Beacon Street
Boston, MA 02108
617-573-4822 (fax)
dougherty@skadden.com

mmatule@skadden.com

**Moulton & Gans, PC**
Nancy F. Gans
33 Broad Street
Suite 1100
Boston, MA 02109
617-369-7980 (fax)
nfgans@aol.com

**Michael F. Germano**
63 Atlantic Avenue
Boston, MA 02110

**Shapiro Haber & Urmy LLP**
Theodore M. Hess-Mahan
Thomas G. Shapiro
75 State Street
Boston, MA 02109
617-439-0134 (fax)
ted@shulaw.com
tshapiro@shulaw.com

**Schatz & Nobel, P.C** .
Justin S. Kudler
330 Main Stret
Hartford, CT 06106-1851
860-493-6290 (fax)
justin@snlaw.net

**Hale & Dorr, LLP**
Daniel W. Halston
Gregory F Noonan
James W. Prendergast
Jeffrey B. Rudman
60 State Street
Boston, MA 02109
617-526-5000 (fax)
daniel.halston@haledorr.com
gregory.noonan@haledorr.com
james.prendergast@haledorr.com
jeffrey.rudman@haledorr.com

**Patricia A. Szumowski**
100 Russell Street
P.O. Box 377

Hadley, MA 01035
413-532-3387 (fax)

**Brodsky & Smith, LLC**
Evan J. Smith
Two Bala Plaza, Suite 602
Bala Cynwyd, PA 19004

**Cauley Geller Bowman & Rudman, LLP**
Samuel H. Rudman
Russell J. Gunyan
200 Broadhollow Road
Suite 406
Melville, NY 11747

**Cohen Mitstein Hausfeid & Toll, PLLC**
Steven J. Toll
Daniel L. Sommers
Julie Goldsmith
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington. DC 20005

**Dangel & Mattachen, LLP**
Michael K. Mattchen
10 Derne Street
Boston, MA 02114-4203

**Gilman and Pastor, LLP**
Peter A. Lagorio
Stonehill Corporate Center
999 Broadway
Saugus, MA 01906

**Goodkind Labaton Rudoff & Sucharow LLP**
Jonathan M. Plasse
100 Park Avenue
New York, NY 10017

**Roy L. Jacobs**
60 East 42 Street, 46 Floor
New York, NY 10165

**Lockridge Grindal Nauen PLLP**
Richard A. Lockridge
Karen Hanson Riebel

- 13 -

100 Washington Avenue South
Suite 2200
**Minneapolis, MN 55401**

**Milberg Weiss Bershad Hynes & Lerach LLP**
William S. Lerach
Darren J. Robbins
401 B Street
Suite 1700
SanDiego, CA 92101

**Law Office of Bruce G. Murphy**
Bruce G. Murphy
265 Llwyds Lane
Vero Beach, FL 32963

**Paskowitz & Associates**
Laurence D. Paskowitz
60 East 47 Street
46 Floor
New York, NY 10165

**Law Offices of Charles J. Piven, PA**
Charles J. Piven
401 East Pratt Street, Suite 2525
Baltimore, MD 21202

**Pomerantz Haudek Block Grossman & Gross LLP**
Marc I. Gross
Joseph Gentile
100 Park Avenue, 76 Floor
New York, NY 10017

**Rabin Murray & Frank, LLP**
Eric J. Belfi
275 Madison Avenue. Suite 801
New York, NY 10016

**Ragsdale & Frese LLC**
**M. Clay Ragsdale**
The Farley Building, Suite 550
1929 Third Avenue North
Birmingham, AL 35203

**Reich & Binstock, LLP**
Paul T. Warner

4265 San Felipe, Suite 1000
Houston, TX 77027

**Shalov Stone & Bonner LLP**
Ralph M. Stone
485 Seventh Avenue, Suite 1000
New York, NY 10018

**Schiffrin & Barroway, LLP**
Marc A. Topaz
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA 19004

**Schoengold & Sporn, PC**
**Samuel P. Sporn**
Christopher Lometti
Frank R. Scimpa
19 Fulton Street, Suite 406
New York, NY 10038

**Schubert & Reed LLP**
Robert C. Schubert
Juden Justice Reed
Willem F. Jonckheer
Two Embarcadero Center, Suite 1660
San Francisco, CA 94111

**Stull Stull & Brody**
Jules Brody
6 East 45 Street
New York, NY 10017

**Law Offices of Richard J. Vita, PC**
Richard J. Vita
77 Franklin Street, Suite 300
Boston, MA 02110

**Wechsler Harwood LLP**
Robert I. Harwood
Samuel K. Rosen
488 Madison Avenue
New York, NY 10022

**Weiss & Yourrnan**
Joseph H. Weiss
Zack I. Zwick

551 Fifth Avenue
New York, NY 10176

**Wolf Haldenstein Adler Freeman & Herz LLP**
Geregory M. Nespole
270 Madison Avenue, 9 Floor
New York, NY 10016

**Wolf Popper LLP**
Marian P. Rosner
Michael A. Schwartz
Renee L. Karalian
845 Third Avenue
New York, NY 10022

**Zimmerman Levi & Korsinsky, LLP**
Eduard Korsinsky
39 Broadway, Suite 1440
New York, NY 10006

**Zwerlng Schacter & Zwerling, LLP**
Richard A. Speirs
Shaye J. Ruchs
845 Third Avenue, 6 Floor
New York, NY 10022

                _____
                Alan L. Kovacs (BBO #278240)