UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIEL WILLIAMS,            )<br>                              )<br>        Plaintiff,         )<br>                              )<br>   vs.                       )<br>                              )<br>HASSAN M. AHMED, et al.,     )<br>                              )<br>        Defendants,        )<br>                              )<br>   vs.                       )<br>                              )<br>SONUS NETWORKS, INC.,        )<br>                              )<br>        Nominal Defendant.   )<br>_____) | CIVIL ACTION NO.<br>04-CV-10359 DPW |
| MICHELLE BURK,              )<br>                              )<br>        Plaintiff,         )<br>                              )<br>   vs.                       )<br>                              )<br>HASSAN M. AHMED, et al.,     )<br>                              )<br>        Defendants,        )<br>                              )<br>   vs.                       )<br>                              )<br>SONUS NETWORKS, INC.,        )<br>                              )<br>        Nominal Defendant.   )<br>_____) | CIVIL ACTION NO.<br>04-CV-10384 DPW |

(Caption Continued on Following Page)

| | |
|---|---|
| MICHAEL PISNOY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>HASSAN M. AHMED et al., )<br>)<br>Defendants, )<br>)<br>-and- )<br>)<br>SONUS NETWORKS, INC., )<br>)<br>Nominal Defendant. ) | CIVIL ACTION NO.<br>04-CV-10576 DPW |

**PLAINTIFF MICHAEL PISNOY'S OPPOSITION TO PLAINTIFF WILLIAMS'S MOTION FOR APPOINTMENT OF LEAD COUNSEL FOR SHAREHOLDER DERIVATIVE ACTION**

Michael Pisnoy ("Pisnoy"), plaintiff in the *Pisnoy v. Ahmed, et al.*, derivative action, Case No. 04-CV-10576, hereby opposes the Motion for Appointment of Lead Counsel for Shareholder Derivative Action filed by plaintiff Daniel Williams ("Williams") in the *Williams v. Ahmed, et al.*, derivative action, Case No. 04-CV-10359. In support of said Opposition Plaintiff Pisnoy submits herewith the following Memorandum of Law.

**I.   Introduction**

There are presently three related shareholder derivative actions pending before this Court as follows:

| | Case Name | Date Filed | Case No. | Judge |
|---|---|---|---|---|
| 1. | *Daniel Williams v. Ahmed, et al.* | 2/23/04 | No. 04-cv-10359 | Woodlock |
| 2. | *Michelle Burk v. Ahmed, et al.* | 2/26/04 | No. 04-cv-10384 | Woodlock |

|   | Case Name | Date Filed | Case No. | Judge |
|---|---|---|---|---|
| 3. | *Michael Pisnoy v. Ahmed, et* al. | 3/24/04 | No. 04-cv-10576 | Woodlock |

All three complaints concern allegations that certain directors and officers of Sonus Networks, Inc. ("Sonus" or the "Company") breached their fiduciary duties owed to Sonus by causing and/or allowing the Company: (1) to improperly recognize revenue which will necessitate the restatement of the Company's financial results for the year ended December 31, 2003; (2) to issue materially false and misleading financial statements; (3) to complete a public offering of 20 million shares of Sonus stock at grossly inflated prices; (4) to erase 46 % of the Company's market capitalization (more than $1.2 billion dollars); (5) to expose the Company to massive liability in multiple pending securities fraud actions; and (6) to cause irreparable damage to the Company's reputation and goodwill in the investment and business communities. In addition, as alleged in the *Pisnoy* complaint, certain of the officer and director defendants further breached their fiduciary duties to the Company by engaging in illegal insider trading, selling more than 264,000 shares of Sonus stock and reaping profits of over $2,000,000 .

On April 27, 2004, Plaintiff Williams filed a response to the Motion of Chris E. Paterick for Consolidation, Appointment of Lead Plaintiff and For Approval of Selection of Class Counsel. As part of this response, Williams correctly identified the error in Paterick's Motion for seeking to consolidate shareholder derivative actions **brought on behalf** of Sonus into securities fraud class actions **sueing** Sonus. The shareholder derivative actions should not be consolidated with the class actions as it would cause prejudice, confusion and conflict. See *In re Union Carbide Corp. Consumer Prod. Bus. Sec. Litig.*, 666 F. Supp. 547, 566 (S.D.N.Y. 1987) ("[T]here are obvious inconsistencies between prosecuting a class action against a corporate defendant and at the same time prosecuting a derivative claim in behalf of the corporation."). This conflict arises, in part, from the fact that a recovery against the corporation in a class action would transfer monies from the Company's current shareholders to its former shareholders. *Oracle*, 829 F. Supp. at 1184. Accordingly, this Court should not saddle either the derivative

plaintiffs or the class plaintiffs with economic relationships or motivations that are at odds with the interests of, and might harm, the other group of plaintiffs, by consolidating the two sets of actions with one another.

In the same instrument, however, Williams moved this Court for an Order appointing the law firm of Federman & Sherwood, and the Law Office of Alan L. Kovacs to serve as Lead Derivative and Liaison Counsel respectively in the three shareholder derivative actions filed on behalf of Sonus in the District of Massachusetts, along with any subsequently-filed derivative actions ("Williams' Motion" or the "Motion").

For all of the reasons set forth below, Plaintiff Pisnoy, respectfully requests that the Court deny Williams' Motion for Appointment of Lead Counsel for Shareholder Derivative Action.

## II.  The Derivative Actions Have Not Been Consolidated.

To date, no party in any of the three related Sonus shareholder derivative actions currently pending in the District of Massachusetts, has moved for consolidation. No order consolidating these cases has been entered.[1] Despite these rather obvious facts, Williams seeks an order from this Court that would appoint his attorneys as Lead and Liaison Counsel in not only his individual action, but also in the *Burk* and *Pisnoy* actions, along with any subsequently filed Sonus derivative actions as well. Neither Williams nor his attorneys have made any appearance in the *Burk* or *Pisnoy* actions. Accordingly, Williams has no standing to seek an order that would supplant the chosen counsel of plaintiffs Burk and Pisnoy with his own choice of counsel.

While Williams does devote at least marginal effort to explain the utility of consolidation in his Memorandum of Law in Support of Motion for Appointment of Lead Counsel for Shareholder Derivative Action ("Memo") (See Memo at pp. 3-4), he nonetheless fails to move

---

[1] Consolidation of the three related shareholder derivative actions might normally be appropriate. However, as explained herein, Williams' decision to stay his action makes consolidation a tougher issue as Plaintiff Pisnoy does not seek to stay his action and therefore would oppose consolidation to the extent such an order would frustrate Pisnoy's ability to litigate his claims. Additionally, if consolidation of the shareholder derivative actions is to be considered, Pisnoy requests that his counsel, Paul Warner of Reich & Binstock, LLP be appointed Lead Counsel and Michael K. Mattchen of Dangel & Mattchen, LLP as Liaison Counsel for the derivative actions.

4

the Court for an order of consolidation. In the absence of such an order (or even a motion), it is inappropriate for Williams' counsel to seek leadership in and for cases in which they are not involved. Moreover, and as described in further detail below, the Court should deny Williams' motion for the additional reasons that it is a legal nullity, and because of potential concerns over whether Williams and his choice of counsel can adequately represent the interests of Sonus or its shareholders.

### III.   Williams Has Not Adequately Represented The Interests of Sonus or its Shareholders To Date.

Fed.R.Civ.P. 23.1 provides in pertinent part that "…a derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of the shareholders or members similarly situated in enforcing the right of the corporation or association." Although there may be a presumption of adequacy, *Bush v. Viterna*, 740 F.2d 350, 355 (5th Cir. 1984), Pisnoy need only show "'that representation of [its] interest "**may be**" inadequate.'" *Id.* at 355 (citing *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)) (emphasis added). As "the presumption of adequate representation may be rebutted on a 'relatively ***minimal showing***,'" *United States v. Texas Educ. Agency*, 138 F.R.D. 503, 507 (N.D. Tex. 1991), *aff'd*, 952 F.2d 399 (5th Cir. 1991), Williams' actions, or more appropriately inactions, need not be heavily scrutinized for the Court to realize that the interests of the shareholders in enforcing the rights of Sonus have not been fairly and adequately represented.

#### 1. Williams Failed to Sue Necessary Parties.

As alleged in the *Pisnoy* complaint, there was substantial insider trading activity at Sonus during the relevant period between April 9, 2003 and February 11, 2004. Certain Officers, including Edward N. Harris, J. Michael O'Hara, and Paul R. Jones, as well as Director Edward T. Anderson collectively disposed of 264,334 shares of Sonus stock at prices as high as $8.58 per share. They did so in flagrant violation of their fiduciary duties to the Company. These individuals collectively realized profits of more than $2 million dollars by virtue of their illegal conduct. The illegal sales in question are broken down as follows:

|   | Insider Selling Defendant | Shares Sold | Illegal Proceeds |
|---|---|---|---|
| 1. | Edward T. Anderson | 65,584 | $448,918.34 |
| 2. | Edward N. Harris | 30,000 | $204,600.00 |
| 3. | J. Michael O'Hara | 68,750 | $489,613.00 |
| 4. | Paul R. Jones | 100,000 | $857,500.00 |
|   | TOTAL | 264,334 | $2,000,631.34 |

In order to protect the interests of Sonus and its shareholders, Pisnoy not only named each of these individuals as a defendant, but also alleged a separate cause of action against them to impose a constructive trust on the profits that were realized through these insider sales.

Conversely, the only inside seller named as a defendant in the *Williams* action is Edward T. Anderson. Ironically, although the *Williams* complaint does reference the other illegal insider sales, it fails to name the other inside sellers as defendants, and fails to allege any claim against them. There should be no question that Edward N. Harris, J. Michael O'Hara, and Paul R. Jones are necessary parties to this litigation. Obviously however, if Williams is not willing to zealously prosecute a claim against these additional inside sellers whose illegal conduct allowed them to realize more than $1.5 million in profits and cause irreparable harm to the Company, then he cannot possibly be considered capable of adequately representing the interests of Sonus or its shareholders.[2]

   **2. Williams Voluntarily Agreed to Stay His Action.**

On March 22, 2004, the defendants and nominal defendant moved to stay the *Williams* action. The crux of that motion was that because of the existence of two earlier-filed, and allegedly parallel State Court derivative actions, it would be appropriate for this Court to stay

---

[2] The Williams action also purports to allege claims against the Audit Committee of Sonus, but inexpicably fails to name as defendants all of the Audit Committee members. (See Defendants' Memorandum in Support of Motion to Stay or Dismiss the *Williams* Action, at p. 3)

the *Williams* action in accordance with the doctrine set forth in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, (1976) (the "Colorado River Doctrine"). Thereafter, on April 12, 2004, Williams voluntarily agreed to stay all proceedings in his action by executing the parties' Joint Notice and Stipulation of No Opposition to Motion For Stay of Proceedings. Williams's agreement to voluntarily stay his action raises two significant and interesting points. Firstly, Williams can hardly be considered to have furthered the interests of Sonus or its shareholders by voluntarily agreeing to stay his action. Secondly, by filing the instant motion for appointment of his attorneys as Lead and Liaison Counsel, Williams has violated the terms of his own agreement to stay all further proceedings in his action.[3] A derivative plaintiff and his counsel who voluntarily agree to cease prosecuting claims on behalf of a company to the company's detriment, who fail to include inside sellers as defendants or assert any claims against them, and who cavalierly disregard their own agreements with opposing counsel cannot and will not adequately represent the interests of Sonus or its shareholders.

**IV.     Williams's Counsel Has Been Less Than Candid In Touting Their Ability and Achievements.**

In the Memorandum in Support of the Motion for Appointment of Lead Counsel for Shareholder Derivative Action ("Memo"), Williams's counsel go to great lengths to tout their experience, qualifications, and achievements. (See Memo, at pp. 5-7). The law firm of Federman & Sherwood ("F&S"), in particular, goes so far as to claim that it "has been recognized by many courts for the quality of their representation, and have demonstrated their ability to serve in a lead

---

[3] As mentioned previously, Williams' decision to stay his own action also raises issues as to whether the consolidation of the other shareholder derivative actions into Williams' action is appropriate. Specifically, Pisnoy does not want his action consolidated into Williams' action if that subjects him to the stay entered into by Williams.

role, most recently as co-lead counsel in the derivative action involving Computer Associates International, Inc., (E.D.N.Y., Case No. CV-03-4199, Platt, J.)." (*Id*, at p. 5). As shown below however, the *Computer Associates* settlement raises concerns at to whether the F&S Firm is truly dedicated to diligently investigating the misconduct of the defendants in this action.

Williams' counsel boast that the settlement achieved in the *Computer Associates* litigation "…ensured that Computer Associates and its officers and directors made accurate, timely disclosure of information to its shareholders and the market." (*Id,* at p. 6). Although William Federman of the F&S Firm was very successful in negotiating 81,000 shares of Computer Associates common stock (worth over $2 million) for attorneys' fees[4] for an action in which he represented nominal plaintiff Charles Federman,[5] he was not overly successful in uncovering a ***$2.2 billion*** restatement of revenues by Computer Associates for the years 2000 and 2001. This restatement was announced on April 26, 2004,[6] mere months after the F&S Firm had settled the Computer Associates lawsuit ***and released all the individual defendants and current officers and directors of Computer Associates***[7] for "all claims, rights, demand, suits, matters, issues or causes of action, including both known and Unknown Claims, that have been or could have been asserted by CA or derivatively on behalf of CA in the Derivative Actions by Derivative Plaintiff, by CA, or by any CA shareholder against the Released Parties including, without limitation, claims based upon, arising out of or relating to the acts, facts or events alleged in the Derivative Actions, claims asserted in the Demand Letter, claims for breach of fiduciary duty, breach of CA's policies or procedures, waste, mismanagement, violations of law, money damages or other

---

[4] Stipulation and Agreement of Settlement of Derivative Actions ("CA Settlement Stipulation") at pages 11-12 (attached hereto as Exhibit "A").
[5] The relationship between Charles Federman and William Federman, if any, is not made clear by the CA Settlement Stipulation.
[6] A copy of this April 26, 2004 Associated Press announcement is attached hereto as Exhibit "B".
[7] CA Settlement Stipulation at page 8.

relief, claims based upon or relating to the claims asserted in the Securities Class Actions and claims based upon, arising out of or relating to this Settlement or the Settlement of the Securities Class Actions and the ERISA Actions." CA Settlement Stipulation at page 9.

The F&S Firm's decision to agree to such a broad release was purportedly made only after conducting "an investigation relating to the claims and the underlying events and transactions alleged in the Derivative Actions," the examination of "many documents," and the analysis of "the evidence adduced during their factual investigation." CA Settlement Stipulation at Pages 5-6. In short, it appears that the F&S Firm, in its haste to settle the Computer Associates derivative litigation, might have released the company's claims against all those individuals responsible for causing Computer Associates to falsify its financials to the tune of $2.2 billion. The audacity to tout such a settlement coupled with the F&S Firm's curious decision to stay Williams' action in this matter clearly indicates that there is reason to doubt that the F&S Firm should be appointed to lead these shareholder derivative actions if they are consolidated.[8]

**V.    Conclusion**.

Based on the foregoing, Plaintiff Pisnoy respectfully requests that this Court deny Plaintiff Williams' Motion for an Order appointing the law firm of Federman & Sherwood, and the Law Office of Alan L. Kovacs to serve as Lead Derivative and Liaison Counsel.

---

[8] Pisnoy and his counsel also have concerns over being subject to the F&S Firm's leadership given the F&S Firm's history of incurring sanctions. *See De La Fuente v. DCI Telecommunications, Inc.*, 2003 WL 22922353 (2nd Cir. Dec. 9 2003) (upholding sanctions of $83,116.91 against the F&S Firm for filing frivolous claims).

## REQUEST FOR ORAL ARGUMENT

Plaintiff Pisnoy respectfully requests that oral argument be had so that all issues may be fully explored and argued to the Court's satisfaction.

DATED: May 11, 2004.

        Michael Pisnoy,
        By his Counsel,

        _/s/_____
        Michael K. Mattchen
        Edward T. Dangel, III
        DANGEL & MATTCHEN, LLP.
        10 Derne St.
        Boston, MA 02114
        Tel: (617) 557-4800

        -and-

        Paul T. Warner
        REICH & BINSTOCK, LLP
        4265 San Felipe, Suite 1000
        Houston, TX 77002
        Tel: (713) 622-7271

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing instrument and all supporting documents were served by first class mail and/or hand delivery on May 11, 2004 to the counsel identified on the attached Service List.

        __/s/_____
        Michael K. Mattchen

SERVICE LIST

Alan L. Kovacs                                                                    *By Hand*
**LAW OFFICE OF ALAN L. KOVACS**
2001 Beacon Street, Suite 106
Boston, MA  02135

William B. Federman                                                        *Via First Class Mail*
**FEDERMAN & SHERWOOD**
120 N. Robinson Avenue, Suite 2720
Oklahoma City, OK  73102

Peter A. Lagorio                                                              *Via First Class Mail*
**GILMAN & PASTOR, LLP.**
Stonehill Corporate Center
999 Broadway
Saugus, MA  01906

Robert C. Schubert                                                         *Via First Class Mail*
**SCHUBERT & REED, LLP.**
Two Embarcadero Center, Suite 1660
San Francisco, CA  94111

John R. Baraniak, Jr.                                                        *By Hand*
**CHOATE, HALL & STEWART**
Exchange Place
53 State Street, 33rd Floor
Boston, MA  02109-2804

Thomas J. Dougherty                                                     *By Hand*
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP.**
One Beacon Street
Boston, MA  02108


Daniel W. Halston                                                            *By Hand*
**HALE & DORR, LLP.**
60 State Street
Boston, MA  02109

John D. Hughes                                                               *By Hand*
**Edwards & Angell, LLP**
101 Federal Street
Boston, MA 02110