**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| DANIEL WILLIAMS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HASSAN M. AHMED, et al., ) <br> ) <br> Defendants, ) <br> ) <br> v. ) <br> ) <br> SONUS NETWORKS, INC., ) <br> ) <br> Nominal Defendant. ) | Case No. 04-CV-10359 |
| MICHELLE BURK, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HASSAN M. AHMED, et al., ) <br> ) <br> Defendants, ) <br> ) <br> v. ) <br> ) <br> SONUS NETWORKS, INC., ) <br> ) <br> Nominal Defendant. ) | Case No. 04-CV-10384 DPW |
| MICHAEL PISNOY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HASSAN M. AHMED, et al., ) <br> ) <br> Defendants, ) <br> ) <br> v. ) <br> ) <br> SONUS NETWORKS, INC., ) <br> ) <br> Nominal Defendant. ) | Case No. 04-CV-10576 DPW |

**PLAINTIFF DANIEL WILLIAMS' REPLY TO: (1) PLAINTIFF MICHAEL PISNOY'S OPPOSITION TO PLAINTIFF WILLIAMS' MOTION FOR APPOINTMENT OF LEAD COUNSEL FOR SHAREHOLDER DERIVATIVE ACTION; AND (2) PLAINTIFF MICHELLE BURK'S MOTION TO CONSOLIDATE DERIVATIVE CASES AND APPOINT CO-LEAD COUNSEL**

Daniel Williams ("Williams"), plaintiff in the derivative action styled *Williams v. Ahmed, et al.*, Case No. 04-CV-10359 (the "*Williams* action" or "*Williams* derivative action") hereby replies to: (1) Plaintiff Michael Pisnoy's Opposition to Plaintiff Williams' Motion for Appointment of Lead Counsel for Shareholder Derivative Action; and (2) Plaintiff Michelle Burk's Motion to Consolidate Derivative Cases and Appoint Co-Lead Counsel. In addition to the *Williams* derivative action, two other derivative actions have subsequently been filed on behalf of Sonus Networks, Inc. ("Sonus" or "the Company"), namely, *Burk v. Ahmed*, et al., Case No. 04-CV-10384 (the "*Burk* action") and *Pisnoy v. Ahmed*, et al., Case No. 04-CV-10576 (the "*Pisnoy* action"). All parties agree that the derivative cases should be consolidated; however the Plaintiffs in these actions, Williams, Michelle Burk ("Burk"), and Michael Pisnoy ("Pisnoy") do not agree as to the Plaintiffs' lead counsel structure in the derivative cases. Plaintiffs Burk and Pisnoy have filed oppositions to Williams' Motion for Appointment of Lead Counsel. These oppositions raise certain issues to which Williams offers the following reply.

**I.    Williams did not Include Certain Individuals as Defendants Because there is no Sufficient Evidence, at This Time, of their Wrongdoing.**

Pisnoy argues that, because Williams did not plead a shotgun case, including naming Edward N. Harris ("Harris"), J. Michael O'Hara ("O'Hara"), and Paul R. Jones ("Jones") as Defendants, that Williams cannot adequately represent the Sonus shareholders. Harris is Sonus' current Vice President of Manufacturing, O'Hara is the Vice President of Marketing, and Jones is the Vice President of Engineering. They

have been named by both Pisnoy and Burk because of their insider trades. However, the sale of stock by an insider is not, in and of itself, a breach of a fiduciary duty. For an insider trade to be wrongful, the person trading must be in possession of material information not available to the public. The only allegation of wrongdoing by Pisnoy and Burk was that, merely because of their position in the Company, these individuals must have been in possession of material adverse information when they sold their Sonus shares. The allegations in these actions stem from a failure of Sonus' officers to properly recognize revenue. The individuals who would be overseeing this accounting function are high level officers (such as the CEO and CFO) and members of the Boards' Audit Committee. The Vice Presidents of Manufacturing, Marketing, and Engineering could not reasonably be expected, based solely upon their job descriptions, to be knowledgeable of the Company's accounting practices. Furthermore, these individuals were not responsible for issuing any of the press releases currently at issue, and they did not sign any of the SEC filings which are currently at issue.

    Williams has chosen, instead, to take a more conservative and thoughtful approach in representing the best interests of the Company. As such, considerations must be made so that the Company is able to function smoothly in light of the various securities class actions and derivative actions that have been filed. If all of the members of management are tied up in litigation, some unnecessarily, then management will have difficulty running the Company. Obviously, this is not in the best interests of the Company or its shareholders.

    Williams is not saying that these individuals did not wrongfully engage in insider trading based on adverse information that they had; Williams would just prefer to

develop more information, and conduct further discovery, before taking the step of tying up all senior management in litigation and naming these individuals as Defendants.

## II. Williams' Agreement to Stay the Action is not Adverse to the Interests of Sonus or its Shareholders.

Williams agreed with Defendants to stay the derivative action pending the resolution of the Motion to Dismiss in the pending securities class actions. This agreement allows the cases to proceed more efficiently, while not jeopardizing the shareholders' positions. Both the securities class actions and the derivative actions are based on the same allegations. It would be inefficient for the Court to determine multiple motions to dismiss based on these same allegations. Furthermore, the shareholder derivative plaintiffs will be able to gain access to the information developed by the class action plaintiffs in their efforts to defeat the Motion to Dismiss. The investigatory efforts of the securities plaintiffs will result in additional information included in responses to the Motion to Dismiss, and perhaps amended complaints. The shareholder plaintiffs will be the direct beneficiaries of this information, without forcing the Company to reimburse the shareholder plaintiffs' counsel for time and expenses incurred in conducting a redundant investigation. This agreement also demonstrates the working relationship developed between Williams' counsel and defense counsel.

## III. Counsel's settlement in Computer Associates was Beneficial to that Company.

Pisnoy's attack on the Computer Associates International, Inc. ("Computer Associates") settlement shows his counsel's lack of experience or unfamiliarity with shareholder derivative actions and the types of benefits that can be derived therefrom.[1]

---

[1] Burks' counsel, who is experienced in prosecuting derivative actions as lead counsel, does not make this argument. Furthermore, counsel for Pisnoy has not provided the style of any derivative action in

Pisnoy alleges that somehow Williams counsel inappropriately settled the Computer Associates derivative action prematurely, and failed to uncover massive wrongdoing.

The Plaintiffs in shareholder derivative actions are representatives of the company, and are acting in the company's best interests.  Making meaningful changes in corporate structure and corporate governance is an important component in shareholder derivative actions, and is often just as important, if not more so, than recovering money.  Governance changes, as in Computer Associates, can directly impact a company's stock value, make it more attractive to investors, and strengthen a company for the future.  Certainly, the attorney fee payment in Computer Associates stock would not have been (1) approved by Judge Platt, or (2) worth much if the Company's stock had not risen because of the governance changes initiated by plaintiffs' counsel.  As a result of the derivative litigation, Computer Associates initiated numerous important corporate governance changes applauded by the financial community, including expanding the Board to ten members and requiring that a majority of the Board be completely independent of the company.  These new directors provided the leadership and independence which had been lacking in the Computer Associates Board and the Board's action and investigation led to the resignations of senior level Computer Associates officers.[2]

At the time the original derivative action was filed on behalf of Computer Associates on May 9, 2002, the stock price was $17.09 per share.  The price had

---

which they have served as lead counsel in which the company derived any tangible benefits from the litigation.

[2] The law firms of Milberg, Weiss, Bershad, Hynes & Lerach, LLP, Schiffrin & Barroway, and Stull, Stull & Brody were lead counsel for the securities class action plaintiffs.  The securities case settled for approximately $140 million.

dropped to $14.73 per share by November 11, 2002, when the amended derivative complaint was filed. Upon the announcement of the pending settlement of the derivative action and corporate changes, Computer Associates' stock price had increased to $24.74 per share. When the settlement was approved by the Court, the stock price rose $0.77 from $23.02 to 23.79, an increase of 3%.

As noted in Williams' original Motion, the corporate governance changes which were instituted as a result of the derivative action were applauded by the financial community. Furthermore, as Pisnoy's counsel apparently are unaware, Computer Associates was, at that time, a self-insured company, and had no liability insurance policy covering the directors and officers. As a result, the cost of the defense of the directors and officers in the securities and derivative actions was being borne by the company. Counsel saved the company millions of dollars in defense costs, which may have been unreimburseable. Finally, Pisnoy highlights subsequent guilty pleas by individuals in SEC probes of Computer Associates; however, again, as Pisnoy's counse; is apparently unaware, the individuals pleading guilty in the SEC probe were individuals who were not directors and were not named as defendants in any civil action against the company.

### IV. Williams has already Demonstrated his Ability to Protect the Interests of Sonus Shareholders.

All three of the current derivative actions were included in securities class action plaintiffs' Motions for Consolidation. Williams was the only derivative plaintiff who investigated and pursued the impropriety of such a consolidation and moved to prevent the substantive consolidation of the derivative actions with the securities actions. Plaintiffs Pisnoy and Burks filed no oppositions to these motions, but instead were only

spurred into action by Williams' request for consolidation and selection of lead counsel in the derivative actions.

**V.    Conclusion**

For the foregoing reasons, Plaintiff Daniel Williams respectfully reiterates his request that this Court consolidate the *Williams*, *Burk* and *Pisnoy* derivative actions, and appoint Federman & Sherwood as Lead Derivative Counsel and the Law Office of Alan L. Kovacs as Liaison Derivative Counsel for the derivative actions and any subsequently-filed derivative actions.

Date: May 24, 2004                                  Daniel Williams,
                                                    By his Attorneys,


                                                    /s/ Alan L. Kovacs
                                                    _____
                                                    Alan L. Kovacs (BBO No. 278240)
                                                    **LAW OFFICE OF ALAN L. KOVACS**
                                                    2001 Beacon Street, Suite 106
                                                    Boston, MA 02135
                                                    Phone: (617) 964-1177
                                                    Fax: (617) 332-1223
                                                    **Proposed Derivative Liaison Counsel**

                                                    -and-

                                                    William B. Federman
                                                    FEDERMAN & SHERWOOD
                                                    120 N. Robinson Avenue, Suite 2720
                                                    Oklahoma City, OK 73102
                                                    Tel: (405) 235-1560
                                                    Fax: (405) 239-2112
                                                    **Proposed Derivative Lead Counsel**

                                                    -and-

Marc S. Henzel
LAW OFFICES OF MARC S. HENZEL
273 Montgomery Avenue, Suite 202
Bala Cynwyd, PA  19004
Phone:  (610) 660-8000
Fax:  (610) 660-8080

-and-

Brian M. Felgoise
LAW OFFICES OF BRIAN M. FELGOISE
261 Old York Road, Ste.  423
Jenkintown, PA  19046
Tel: (215) 886-1900
Fax: (215) 886-1909

## **CERTIFICATE OF SERVICE**

This certifies that on May 24, 2004 true and correct copies of the above and foregoing were delivered electronically and via first class mail, postage prepaid, to the following:

**Choate, Hall & Stewart**
John R. Baraniak, Jr.
Robert S. Frank, Jr.
Exchange Place
53 State Street
33rd Floor
Boston, MA 02109-2804
617-248-4000 (fax)
jb@choate.com
rfrank@choate.com

**Skadden, Arps, Slate, Meagher & Flom LLP**
Thomas J. Dougherty
Matthew J. Matule
One Beacon Street
Boston, MA 02108
617-573-4822 (fax)
dougherty@skadden.com
mmatule@skadden.com

**Hale & Dorr, LLP**
Daniel W. Halston
Gregory F Noonan
James W. Prendergast
Jeffrey B. Rudman
60 State Street
Boston, MA 02109
617-526-5000 (fax)
daniel.halston@haledorr.com
gregory.noonan@haledorr.com
james.prendergast@haledorr.com
jeffrey.rudman@haledorr.com

**Dangel & Mattachen, LLP**
Michael K. Mattachen
10 Derne Street
Boston, MA 02114-4203

**Gilman and Pastor, LLP**
Peter A. Lagorio
Stonehill Corporate Center
999 Broadway
Saugus, MA 01906

**Law Office of Bruce G. Murphy**
Bruce G. Murphy
265 Llwyds Lane
Vero Beach, FL 32963

**Reich & Binstock, LLP**
Paul T. Warner
4265 San Felipe, Suite 1000
Houston, TX 77027

**Schubert & Reed LLP**
Robert C. Schubert
Juden Justice Reed
Willem F. Jonckheer
Two Embarcadero Center, Suite 1660
San Francisco, CA 94111

**Wolf Haldenstein Adler Freeman & Herz LLP**
Gregory M. Nespole
270 Madison Avenue, 9 Floor
New York, NY 10016

**Edwards & Angell, LLP**
John D. Hughes
101 Federal Street
Boston, MA  02110

/s/ Alan L. Kovacs
_____
Alan L. Kovacs (BBO #278240)