UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIEL WILLIAMS,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>HASSAN M. AHMED, et al.,<br><br>　　　　　　Defendants,<br><br>and<br><br>SONUS NETWORKS, INC.,<br><br>　　　　　　Nominal Defendant | Case No. 1-04-CV-10359 DPW<br><br>CONSOLIDATED SHAREHOLDER DERIVATIVE CASES |

**SUPPLEMENTAL MEMORANDUM OF DERIVATIVE PLAINITFFS BURK AND PISNOY IN SUPPORT OF APPLICATION TO APPOINT SCHUBERT & REED LLP AS SOLE LEAD DERIVATIVE COUNSEL**

INTRODUCTION

Plaintiffs Michelle Burk and Michael Pisnoy file this supplemental memorandum in support of their agreement that Schubert & Reed LLP ("Schubert & Reed") should be appointed sole Lead Derivative Counsel in these consolidated actions. A majority of the derivative plaintiffs, and a majority of their counsel, support Schubert & Reed as Lead Derivative Counsel. Counsel for plaintiff Williams has declined to join the structure favored by the majority, and continues to insist upon appointment of Federman & Sherwood ("Federman") as sole lead counsel. For the reason set forth herein, Williams's motion should be denied, and Schubert & Reed should be appointed Lead Derivative Counsel, and Gilman & Pastor should be appointed liaison counsel.

{00003106.DOC ; 1}

## ARGUMENT

At the June 28, 2004 hearing, the Court consolidated the three pending derivative actions, and encouraged the parties to come to an agreement regarding the selection of lead counsel. The parties have conferred, and two of the three derivative plaintiffs, and six of the eight law firms representing them, have now agreed to support the appointment of Schubert & Reed as sole Lead Derivative Counsel. As described in the Joint Status Report, filed on August 5, 2004, plaintiff Burk's motion for appointment of lead counsel is therefore modified to seek appointment of Schubert & Reed as sole lead derivative counsel. The law firm of Wolf Haldenstein Adler Freeman & Herz LLP, previously proposed as co-lead counsel, hereby withdraws its request to serve as co-lead derivative counsel and supports the streamlined leadership structure.

Plaintiffs Burk and Pisnoy have extended an invitation to plaintiff Williams and his counsel Federman to work cooperatively under the proposed structure. Unfortunately, Federman has declined to join the leadership structure proposed by the other two plaintiffs. Under the circumstances, since no agreement is possible, the Court should appoint Lead Counsel favored by a majority of the derivative plaintiffs, who also hold, individually and collectively, significantly more Sonus shares than are held by Plaintiff Williams. As described in Schubert & Reed's firm resume, submitted to the Court on May 11, 2004, Schubert & Reed has extensive experience in a wide variety of shareholder litigation, including shareholder derivative actions, and will vigorously prosecute this action on behalf of all the derivative plaintiffs.[1]

In the Joint Status Report, Federman states that, in the course of discussion following the June 28, 2004 hearing, he proposed a co-lead counsel structure involving Federman and Schubert & Reed as co-lead counsel. For the reasons already stated in briefs they filed in opposition to Federman's motion for appointment as sole lead counsel, plaintiffs Burk and Pisnoy cannot agree to such a structure. These reasons principally include (1) disagreement with Federman regarding

---

[1] The firm resume submitted on May 11, 2004, does not reflect Schubert & Reed's role as lead counsel in the Qwest Shareholder Derivative Litigation in Colorado state court, Strauss v. Anschutz, District Court, City And County Of Denver, Colorado, No. 02-CV-8188 (J. Manzanares). On June 15, 2004, that court approved a settlement whereby $25 million was recovered for Qwest and the company adopted a two-thirds majority of independent directors overseen by an Independent Lead Director (when the Chairman is also the CEO), among other far-reaching relief.

{00003106.DOC ; 1}

case strategy, including his agreement to stay the derivative action in deference to the state court action, which plaintiffs Burk and Pisnoy vehemently opposed, and (2) discomfort with Federman's conduct in other shareholder litigation, including his history of being sanctioned for his conduct as lead counsel. De La Fuente v. DCI Telecommunications, Inc., 259 F. Supp. 250 (S.D.N.Y. 2003)(finding violation of FRCP Rule 11); 269 F. Supp. 2d 229 (S.D.N.Y. 2003)(sanctions imposed and allocated among co-counsel, with a majority to Federman); 269 F. Supp. 2d 237 (S.D.N.Y. 2003)(motion for relief from security for appeal denied); 82 Fed. Appx. 723; 2003 U.S. App. LEXIS 24865; Fed. Sec. L. Rep. (CCH) P92,646 (2d Cir., 2003)(order imposing sanctions affirmed).

Schubert & Reed and the firms supporting it are prepared to work with Federman in the prosecution of the action, but with Schubert & Reed as sole lead counsel, with primary responsibility for direction and management of the litigation. Plaintiffs Burk and Pisnoy submit that such a compromise is in the best interests of the derivative plaintiffs and ultimately the corporation on whose behalf the derivative claims have been brought.

On August 4, 2004, Federman filed a supplemental memorandum and affidavit from plaintiff Williams stating that Williams owns 500 shares of Sonus stock. These documents were filed in support of plaintiff William's motion for appointment of Federman as sole lead counsel. Although the Court did not request such declarations from the derivative plaintiffs, counsel hereby represent to the Court that plaintiff Burk owns 3,575 shares, and plaintiff Pisnoy owns 100 shares. Plaintiffs Burk and Pisnoy are prepared to submit affidavits should the Court so desire. There is some authority that the size of plaintiff's holdings are considered a factor in the appointment of a "lead plaintiff" in actions under state law, in addition to (1) quality of the pleadings and (2) the vigor with which a case has been prosecuted. TCW Tech. Ltd. P'ship v. Intermedia Communs., Inc., No. 18336, 2000 Del. Ch. LEXIS 147, at *10-11 (Del. Ch. Oct. 17, 2000).

As discussed at the June 28, 2004 hearing, counsel or plaintiffs Burk and Pisnoy have sought more relief from more individual defendants for insider trading, and opposed a stay of the action Federman hastily entered. TCW also rejected the notion, which Federman continues to

{00003106.DOC ; 1}

advance, that being first to file an action plays any role in the selection process. Looking to securities cases, the PSLRA was enacted to prevent just such a "race to the courthouse" in securities cases. While no such statute was enacted addressing derivative litigation, there can be no doubt that the same policy concerns apply. The Court should appoint the most qualified counsel to run the case for the ultimate benefit of the Company in whose interest the case is brought, not the firm which raced them to the courthouse and beat them by a mere two days.

Federman further represents that he has actively protected the corporation's interests by sending a letter to defendants demanding that evidence be preserved. However, such document preservation is <u>already required</u> under the provisions of the PSLRA, which governs the class actions and which are based upon many of the same facts as the derivative actions. To the contrary, as already discussed in their opposition briefs, plaintiffs Burk and Pisnoy submit that rather than protecting the company's interests, Federman's voluntary stay of the action in deference to the state court action demonstrates that the interests of the corporation would not be adequately protected by Federman were the Court to appoint him lead derivative counsel.

## CONCLUSION

For the reasons set forth herein and in plaintiff Burk's moving papers, Schubert & Reed should be appointed sole lead derivative counsel, and Gilman & Pastor should be appointed liaison counsel. Plaintiff Williams' motion for appointment of lead derivative counsel should be denied.

DATED: August 9, 2004

By: /s/ David Pastor
David Pastor (BBO #391000)
John Martland (BBO #322980)
GILMAN AND PASTOR, LLP
Stonehill Corporate Center
999 Broadway, Suite 500
Saugus, MA 01906
Telephone: (781) 231-7850

ROBERT C. SCHUBERT
JUDEN JUSTICE REED
SCHUBERT & REED LLP
Two Embarcadero Center, Suite 1660
San Francisco, California 94111
Telephone: (415) 788-4220

GREGORY M. NESPOLE
WOLF HALDENSTEIN ADLER FREEMAN &
HERZ LLP
270 Madison Avenue, 9th Floor
New York, New York 10016
Telephone (212) 545-4600

Attorneys for Derivative Plaintiff

{00003106.DOC ; 1}